Carolyn **SELMEYER**,
Plaintiff-Appellant,

v.

**SOUTHEASTERN INDIANA
VOCATIONAL SCHOOL**,
Defendant-Appellee.

No. 15A01-8702-CV-25.

Court of Appeals of Indiana,
First District.

July 9, 1987.

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for plaintiff-appellant.

Douglas C. Wilson, Greeman, Kellerman & Wilson, Batesville, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant, Carolyn Selmeyer (Selmeyer), appeals from a summary judgment entered in the Dearborn Circuit Court in favor of defendant-appellee, Southeastern Indiana Vocational School (the Vocational School), on a complaint seeking both reinstatement and monetary damages on a supplemental service teacher's contract.

We affirm.

### STATEMENT OF THE FACTS

Selmeyer began working full-time as an elementary school teacher with the South Dearborn School Corporation in 1973. In the fall of 1975, Selmeyer began teaching an Adult Basic Education class for the Vocational School and continued to do so for ten successive years. Beginning September 12, 1975, and continuing through Janu-

ary 14, 1985, Selmeyer entered into a series of "supplemental service teacher's contracts" with the Vocational School. Pursuant to the terms of these contracts, Selmeyer was employed approximately 26 days a year as an adult basic education instructor for the Vocational School. By letter dated August 1, 1985, Selmeyer was notified by the director of the adult education curriculum for the Vocational School that she would not be offered a similar position for the 1985–86 school year because of declining interest and enrollment.

Selmeyer subsequently brought suit seeking both reinstatement and monetary damages. Selmeyer alleged that she had become a permanent teacher by virtue of having been employed with the Vocational School for ten successive years pursuant to IND.CODE 20–6.1–4–9, and that as a permanent teacher, her contract was subject to cancellation only in accordance with the provisions and procedures outlined in IND. CODE 20–6.1–4–10 and –11. Selmeyer argued that because the Vocational School did not comply with the statutes regarding the termination of her contract, the attempt to cancel it was invalid.

The trial court found that Selmeyer had been employed by the Vocational School for a period in excess of five years on a supplemental service teacher's contract, but that she had never served more than 120 days in any one school year. The trial court determined that IND.CODE 20–6.1–4–8 requires that a teacher must serve for more than 120 days on a supplemental teacher's service contract and construed that section as being a requirement which must be met before permanent teacher status may be invoked under IND.CODE 20–6.1–4–9. The trial court determined, therefore, that Selmeyer failed to meet IND.CODE 20–6.1–4–8 and entered summary judgment in favor of the Vocational School. Selmeyer has instituted this appeal.

## ISSUES

Selmeyer presents one issue for our review:

I. Whether Selmeyer attained permanent teacher status and is therefore entitled to the statutory rights and protections afforded permanent teachers regarding the termination of her contract.

## DISCUSSION AND DECISION

Selmeyer argues that she acquired permanent teacher status by virtue of having served under contract as a teacher with the Vocational School for more than five successive years and having entered into a teacher's contract for further service with the Vocational School. She cites as authority for this proposition IND. CODE 20–6.1–4–9, which provides:

"(a) Each person who:
(1) serves under contract as a teacher in a public school corporation for five (5) or more successive years; and
(2) at any time enters into a teacher's contract for further service with that school corporation;

becomes by that a permanent teacher of that school corporation. When a contract between the school corporation and a permanent teacher expires by its terms, that contract is considered to continue indefinitely as an indefinite contract.

(b) An indefinite contract remains in force until the permanent teacher reaches seventy-one (71) years of age, unless it is:
(1) replaced by a new contract signed by both parties; or
(2) canceled as provided in sections 10 and 11 of this chapter."

Selmeyer contends that this statute is clear and unambiguous on its face and that the trial court had no power to resort to construction to limit or extend its operation. Specifically, she maintains that had the legislature intended to limit the application of this section it would have included words to that effect within the text of Section Nine. Because the legislature did not limit the statute's application in this manner, she argues, it is available to teachers serving under supplemental service teacher's contracts. Selmeyer fails to note, however, the language contained in the preceding statute.

**1152**

IND.CODE 20–6.1–4–8 provides in pertinent part that:

"The Supplemental Service Teacher's Contract shall be used when a teacher provides professional service in evening school or summer school employment, except when a teacher or other person is employed to supervise or conduct non-credit courses or activities.

If a teacher serves more than one hundred twenty (120) days of a Supplemental Service Contract in any school year, then Sections 1, 3, 4, 9, 10, 11, 13, 14, and 15 of this Chapter and I.C. 20–6.1–6–1 through I.C. 20–6.1–6–4 apply as they do to a teacher on a Regular Teacher's Contract...."

The legislature has placed the language limiting the applicability of IND.CODE 20–6.1–4–9 within this section. Specifically, the legislature has provided that a teacher who has entered into a supplemental service teacher's contract must serve for more than 120 days in a given school year before most of the other provisions, including IND.CODE 20–6.1–4–9, –10, & –11 defining permanent teachers and the manner in which their contracts may be terminated, become applicable. There is no need to resort to a construction of IND.CODE 20–6.1–4–9 to determine its applicability with respect to Selmeyer because IND.CODE 20–6.1–5–8 is clearly dispositive of the issue. Selmeyer argues, however, that Section Eight is not controlling. She contends that Section Eight does not serve to limit the application of succeeding statutes, but rather enlarges upon and explains the rights available to teachers employed under supplemental service teacher's contracts. This interpretation is contrary to the principles of statutory construction. Statutory provisions must not be construed standing alone, but must be considered with reference to other sections. *Ski World, Inc. v. Fife* (1986), Ind.App., 489 N.E.2d 72; *Edward Rose of Indiana v. Fountain* (1982), Ind.App., 431 N.E.2d 543. Reading the statutes together it is obvious that the legislature intended IND.CODE 20–6.1–4–8 to be a prerequisite which must be met before the rights and protections afforded under IND. CODE 20–6.1–4–9, –10, & –11 may be invoked by teachers serving under supplemental service teacher's contracts.

The result reached in this case is consistent with our holding in *New Castle Community School Corporation v. Watters* (1982), Ind.App., 437 N.E.2d 1372. In *New Castle*, a teacher employed under a supplemental service teacher's contract filed a complaint against the school corporation alleging, *inter alia*, that she had not been timely notified that her contract would not be renewed for the next school year. The parties stipulated that the teacher had served for more than 120 days under each of her supplemental service teacher's contracts. Citing the 120–day requirement, the court held that the teacher was entitled to the statutory rights and protections regarding the renewal of her contract. Specifically, the court held at 1374–5:

"In light of the facts and applicable law of the case at bar, Mildred should have been afforded these above-stated protections even assuming she taught only non-credit courses because she was contracted under a supplemental service teacher's contract for more than 120 days in a school year. However, we hold that she taught courses for which students received credit and that she taught for more than 120 days in a school year under a supplemental service teacher's contract. Having met those requirements, Mildred should have received the same pay as regular teachers and prior notice of the nonrenewal of her contract."

Because the teacher had served the requisite 120 days in each school year under her supplemental service teacher's contract, she was entitled to the due process requirements provided by statute. Likewise, the converse is true. Where a teacher employed under a supplemental service teacher's contract has not served 120 days for a given school year, she is not entitled to the due process requirements regarding the termination of her contract.

We hold, therefore, that Selmeyer cannot complain of the Vocational School's failure to follow the statutory procedures in terminating her contract. The parties stipulated that Selmeyer had not served for 120 days in any given school year. This was required by statute. Selmeyer, therefore, is not entitled to the rights and protections afforded permanent teachers regarding the termination of her contract. The trial court was correct in granting summary judgment in favor of the Vocational School.

The judgment, for the above reasons is affirmed.

Judgment affirmed.

ROBERTSON and YOUNG, JJ., concur.