**William RAIDER and Debbie Raider, Appellants–Defendants,**

v.

**David PEA, Appellee–Plaintiff.**

**No. 70A01–9211–CV–381.**

Court of Appeals of Indiana, First District.

May 26, 1993.

Kevin W. Ault, Rushville, for appellants-defendants.

David Pea, pro se.

NAJAM, Judge.

## STATEMENT OF THE CASE

William and Debbie Raider ("Raiders") appeal a small claims judgment of $300.00 against them as tenants in favor of David Pea ("Pea") as landlord for damages arising from an oral rental agreement. The trial court denied the Raiders' counterclaim for return of their $300.00 security deposit, attorney's fees and court costs. We affirm.

## ISSUE

The sole issue presented is whether the trial court erred in awarding the Raiders' $300.00 security deposit to Pea when Pea did not mail the Raiders written notice of damages within forty-five days after the Raiders had terminated their occupancy, and the Raiders had not supplied Pea with their mailing address.

## FACTS

The facts most favorable to the judgment show that Pea and the Raiders entered into an oral rental agreement for the Raiders to rent a house Pea owned for $350.00 per month accompanied by a $300.00 security deposit. As a result of a job transfer to St. Louis, Missouri, the Raiders terminated the lease and vacated the house on June 28, 1990. On August 9, 1991, Pea initiated a small claims action by filing a Statement of Claim, alleging that the Raiders owed rent of $525.00, $100.00 for the cost of removing trash, $39.69 for an unpaid utility bill, and $250.00 for the value of Pea's services in repairing the house. The Statement of Claim designated a Rushville, Indiana, address for service of summons upon the Raiders. On September 13, 1991, the Raiders answered Pea's Statement of Claim, denied that they owed Pea any damages, and counterclaimed for the return of their $300.00 security deposit.

At trial, Pea testified that the Raiders did not provide him with their mailing address when they moved, although he had attempted several times unsuccessfully to obtain their new address. Record at 29 and 45. Pea maintained that sometime in 1991, he learned that the Raiders had returned to Rushville, and that he filed his claim against the Raiders approximately ten days later. Record at 25. The Raiders stated that they left a forwarding address with the post office and that Pea knew that they were moving to St. Louis. Record at 52. The Raiders asserted that Pea's claim for damages was barred by his failure to give them written notice as required by Indiana's Security Deposits statute, IND. CODE § 32–7–5 et seq.

The trial court denied the Raiders' counterclaim and awarded Pea the Raiders' $300.00 security deposit as damages on Pea's claim. The Raiders appeal. We will state additional facts as needed.

## DISCUSSION AND DECISION

The thrust of the Raiders' appeal is that the trial court erred in failing to award them their full security deposit, attorney's fees and court costs because Pea did not

mail them notice of his claim against their deposit within forty-five days after termination of the rental agreement as required by the Security Deposits statute. Pea, proceeding pro se, counters that the Raiders never supplied him with their mailing address, and after he discovered the Raiders' new address, he sent the Raiders notice of his claim by filing suit within ten days thereafter.

While the parties refer us to the forty-five day itemized, written notice required by IND.CODE § 32–7–5–14, we cannot ignore the language of IND.CODE § 32–7–5–12(a)(3) which provides that the "landlord is not liable under this subsection until supplied by the tenant with a mailing address to which to deliver the notice and amount prescribed by this subsection." *Id.* The "liability" referred to is the requirement in the preceding sentence of the subsection that the landlord provide an itemized, written notice to the tenant of a claim against the security deposit within forty-five days after termination of the rental agreement. *Id.* Section 12(a)(3) imposes an affirmative obligation upon the tenant to provide a mailing address to the landlord to facilitate giving the required forty-five day notice, and it tolls the running of the forty-five day period against the landlord until the tenant meets his obligation.

Both IND.CODE § 32–7–5–12(e)(3) and IND.CODE § 32–7–5–14 require that the landlord give an itemized, written notice to the tenant within forty-five days of the tenant's termination of occupancy; however, only IND.CODE § 32–7–5–12(e)(3) imposes the reciprocal duty upon the tenant first to provide his mailing address to the landlord. We discern an ambiguity in the Security Deposits statute because, given the similarities between the provisions of the statute, we cannot determine under what circumstances Section 12 instead of Section 14 would apply, and vice versa.[1] Thus, the precise question before us is whether the tenant's obligation to supply a mailing address applies to both Sections. We think it does.

We must construe this statute to determine the apparent intention of the legislature.[2] *See Sidell v. Review Board of Indiana Employment Security Division* (1981), Ind.App., 428 N.E.2d 281, 284. The meaning of a single section of a statute is to be considered in context with other sections of the same Act. *Irwin R. Evens & Son, Inc. v. Board of the Indianapolis Airport Authority* (1992), Ind.App., 584 N.E.2d 576, 585. We do not construe one provision of a statute in isolation; rather, we consider a statute as a whole and consider a single provision in reference to the other provisions. *Selmeyer v. Southeastern Indiana Vocational School* (1987), Ind.App., 509 N.E.2d 1150, 1152. Likewise, two statutory provisions covering the same subject are to be harmonized if possible. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823. We construe statutes to avoid an absurd result or a result that the legislature, as a reasonable body, could not have intended. *Id.*

The forty-five day notice requirement contained in our Security Deposits statute serves two purposes. As a time limitation, the notice requirement protects tenants from unreasonable delays by their landlords in the resolution of claims against their security deposits. Furthermore, by requiring a written, itemized notice, the

---

1. The Security Deposits statute, IND.CODE § 32–7–5 *et seq.*, is somewhat confusing. A comparison of Section 12 with Sections 13 through 16 read together, reveals that the requirements set forth in Section 12 are repeated almost verbatim in Sections 13 through 16. Therefore, in light of this remarkable similarity, we are at a loss to explain why the legislature included the requirement in Section 12 that the tenant must supply the landlord a mailing address, but did not include that requirement in the other Sections.

2. This is an issue of first impression for our courts. In the two reported decisions interpreting the Security Deposits statute, neither addressed the language pertaining to the tenant's duty to supply the landlord with a mailing address in IND.CODE § 32–7–5–12(a)(3). *See Duchon v. Ross* (1992), Ind.App., 599 N.E.2d 621 (content of notice to tenant insufficient to comply with statutory requirements); *Skiver v. Brighton Meadows* (1992), Ind.App., 585 N.E.2d 1345 (no notice to tenant warranted reversal although not mentioning whether tenant supplied mailing address).

landlord cannot simply retain the tenant's security deposit without explanation, but must specifically justify any deduction from the deposit for damages. The goals of timely and documented notice of a claim against a security deposit cannot be achieved, however, when the landlord does not possess the tenant's mailing address in order to deliver the required notice.

We conclude that the tenant's obligation in IND.CODE § 32-7-5-12(a)(3), to provide the landlord with a mailing address prior to the running of the forty-five day notice period against the landlord, applies to all provisions of the Security Deposits statute containing this forty-five day notice requirement. The language of the forty-five day notice requirement in IND.CODE § 32-7-5-12(a)(3) is virtually identical to the notice required elsewhere in the statute. Therefore, uniform application of the tenant's obligation first to supply a mailing address prevents unjust and absurd results. We can discern no meaningful reason to apply this obligation of the tenant only under the circumstances described in Section 12, particularly since we fail to see any significant difference between Section 12 and the remaining provisions of the Security Deposits statute. Professor Krieger has interpreted IND.CODE § 32-7-5-12(a)(3) and reached the same conclusion. *See* Walter W. Krieger, *Survey of Recent Developments in Property Law*, 23 Ind. L.Rev. 485, 505 n. 126 (1990).

The Raiders, although failing to discuss the requirement that the tenant supply the landlord with his mailing address, seem to suggest that this requirement is satisfied by leaving a forwarding address with the post office. We cannot agree. IND.CODE § 32-7-5-12 provides that the landlord shall be "supplied" the tenant's mailing address. In this context, "supplied" means to provide or deliver the mailing address to the landlord. We are not persuaded that notifying the United States Postal Service of one's change of address is equivalent to supplying the landlord with that address [3]. Nor are we convinced that placing the landlord on some sort of general notice of the tenant's new city of residence satisfies the notice requirement.

Here, the undisputed evidence established that the Raiders did not supply Pea with their mailing address, and the forty-five day notice period never commenced running against Pea. Accordingly, Pea could not violate the requirements of the Security Deposit statute and did not waive his claim to deduct damages from the Raiders' security deposit. The trial court did not err by awarding Pea the Raiders' security deposit.

The Raiders also suggest that the judgment is erroneous because in making its ruling the trial court commented that the parties did not intend for the provisions of the Security Deposits statute to apply. The Raiders correctly note that a landlord and tenant cannot waive the Security Deposits statute. *See* IND.CODE § 32-7-5-17 ("waiver of this chapter by a landlord or tenant, by contract or otherwise, is void"). The court's comment is not dispositive and we find no error since, as we have determined, the Raiders were not entitled to notice of Pea's claim within forty-five days of termination of their occupancy as a result of their failure to supply Pea with their mailing address. We likewise find no error in the court's oral declaration at the conclusion of the trial to the effect that the Security Deposits statute does not prevent the court from waiving the statute's provisions. We interpret the comment to mean that the court could take the conduct of the parties into account in applying the statute. That comment is not reversible error.

The judgment is affirmed.

BAKER and MILLER, JJ., concur.

---

3. The construction apparently urged by the Raiders would have required Pea to mail notice under the statute to the Raiders' former address, i.e. Pea's vacant rental property, with the expectation that the post office would forward the notice to the Raiders' new address. Pea might also have inquired at the post office regarding whether the Raiders had left a forwarding address. Neither approach seems contemplated by our legislature.