INDIANA FIREWORKS DISTRIBU-
TORS ASSOCIATION, Indiana Fire-
works Users Association, Inc. and Pa-
triotic Fireworks, Inc., Appellants–
Defendants,

v.

M. Tracy BOATWRIGHT, in his offi-
cial capacity as Indiana State Fire
Marshal, Appellee–Plaintiff.

No. 49A02–0004–CV–225.

Court of Appeals of Indiana.

Jan. 11, 2001.

John H. Brooke, Casey D. Cloyd,
Brooke & Cloyd, P.C., Muncie, Indiana,
Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney
General of Indiana, Jon Laramore, Deputy
Attorney General, Indianapolis, Indiana,
Attorneys for Appellee.

**OPINION**

MATHIAS, Judge

M. Tracy Boatwright ("Boatwright"), in
his official capacity as the Indiana State
Fire Marshal, brought a declaratory judg-
ment action against the Indiana Fireworks
Distributors Association, the Indiana Fire-
works Users Association, Inc., Celebration

Fireworks, Inc., and Patriotic Fireworks, Inc. ("Fireworks"). The trial court granted summary judgment in favor of Boatwright. Fireworks raises three issues on appeal, which we restate as the following dispositive issue: Whether an individual, acting in his official capacity as the head of a state agency, is a "person" under Indiana Code sections 34–14–1–2 and –13 such that he may bring a declaratory judgment action.

We reverse and remand.

### Facts and Procedural History

Boatwright, in his official capacity as Indiana State Fire Marshall, filed a complaint for declaratory judgment against Fireworks asking the Marion County Circuit Court to declare that Indiana Code section 22–11–14–2 does not authorize the retail sale of fireworks that are prohibited from being sold at retail to the public by Indiana Code section 22–11–14–8. Fireworks filed a motion to dismiss on the basis that a state agency, or state actor in his official capacity, cannot maintain a declaratory judgment action pursuant to Indiana Code sections 34–14–1–2 and –13. The parties also filed cross-motions for summary judgment. The trial court denied the motion to dismiss and granted Boatwright's motion for summary judgment. Fireworks appeals.

### Discussion and Decision

Indiana adopted the Uniform Declaratory Judgment Act in 1927. It is codified at Indiana Code sections 34–14–1–1 to –16. Section two provides that

> [a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Section thirteen defines "person" as "any person, partnership, limited liability company, joint stock company, unincorporated association, or society, or municipal or other corporation of any character whatsoever."

Fireworks contends that Boatwright, in his official capacity as state fire marshal, lacks standing under these statutes to seek a declaratory judgment. Boatwright responds that he is a "natural person" and thus, regardless of his official governmental position, is entitled to bring a declaratory judgment action. Brief of Appellee at 15.

Fireworks relies on our supreme court's recent opinion in *Indiana Wholesale Wine & Liquor Co., Inc. v. State ex rel. Indiana Alcoholic Beverage Com'n*, 695 N.E.2d 99 (Ind.1998). In that case, the court observed that the Indiana Alcohol Beverage Commission could pursue a declaratory judgment action "due to the unique nature of Ind.Code § 7.1–2–8–3," while also noting that "the Commission could not have maintained a similar action under the Uniform Declaratory Judgment Act." *Id.* at 103. In a footnote, the court explained, "[p]ursuant to Ind.Code § 34–4–10–2 & –13, state agencies lack standing to seek declaratory judgments." *Id.* at 103 n. 7.

Boatwright attempts to distinguish *Indiana Wholesale* on the basis that he is a "person," not a "state agency." "The limitation in *Indiana Wholesale Wine & Liquor* is narrow: it is *not* a prohibition against requests for declaratory relief by any state employee or public official; it only bans requests for declaratory relief from 'state agencies.'" Brief of Appellee at 16. Boatwright points instead to *Union Township School Corp. v. State ex rel. Joyce*, 706 N.E.2d 183 (Ind.Ct.App. 1998), *trans. denied*, in which the Commissioner of Labor obtained declaratory relief in regard to construction of a statute. However, this court's opinion in *Union Township* was issued one week after our supreme court's opinion in *Indiana Wholesale*, and does not mention *Indiana*

*Wholesale* or Indiana's declaratory judgment statute. Rather, *Union Township* addresses the appellant's claim that the Commissioner of Labor was not a "real party in interest" such that he was entitled to bring an action. *Id.* at 188. Because *Union Township* does not purport to rely on the declaratory judgment statute, it is not controlling here.[1]

Thus, although it is clear under *Indiana Wholesale* that "state agencies" may not seek declaratory relief under the statute, the case does not explicitly address whether a state official, acting in his official capacity, may do so. We turn to the rules of statutory construction to answer that question.

■ "The first and often the only step in resolving an issue of statutory interpretation is the language of the statute." *Shell Oil Co. v. Meyer,* 705 N.E.2d 962, 972 (Ind.1998). Section thirteen of the statute lists a number of "persons." However, "state agency" or "state official" are conspicuously absent from the list. Had the General Assembly wanted to include these parties as potential plaintiffs in declaratory judgment actions, it could have easily done so with the inclusion of a few simple words.[2]

■ Moreover, the meaning of a single section of a statute is to be considered in context with other sections of the same Act. *Irwin R. Evens & Son, Inc. v. Board of the Indianapolis Airport Auth.,* 584 N.E.2d 576, 585 (Ind.Ct.App.1992). We do not construe one provision of a statute in isolation; rather, we consider a statute as a whole and consider a single provision in

reference to the other provisions. *Selmeyer v. Southeastern Indiana Vocational Sch.,* 509 N.E.2d 1150, 1152 (Ind.Ct.App.1987). We construe statutes to avoid an absurd result or a result that the General Assembly, as a reasonable body, could not have intended. *Raider v. Pea,* 613 N.E.2d 870, 872 (Ind.Ct.App.1993).

The construction advanced by Boatwright ignores other relevant parts of the statutory scheme and would lead to an absurd result. Section two states that any person "affected by a statute" may bring a declaratory judgment action. Boatwright, as an individual and apart from his official governmental position, is not affected by the fireworks statute. His interest, and indeed his standing to bring a declaratory judgment action, is derived solely from his official capacity as the state fire marshal. In the somewhat analogous context of a § 1983 action, the United States Supreme Court has observed, "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (citations omitted).

■ There are also sound policy reasons for the prohibition against state agencies bringing a declaratory judgment action. To allow state agencies to resort to the judicial system for review of every statute passed in the state would foster legislative irresponsibility and unnecessarily overburden the courts into issuing essentially advi-

---

1. Boatwright also points to *State v. LaRue's, Inc.,* 239 Ind. 56, 64–65, 154 N.E.2d 708, 712 (1958) and *Wright v. Kinnard,* 144 Ind.App. 286, 299, 245 N.E.2d 835, 842–43 (1969), in which both this court and our supreme court observed that state officers and agents may be *defendants* in a declaratory judgment action, while the State itself may not. Because the statutory provisions at issue in this case deal with who may *bring* a declaratory judgment action, these cases are inapposite.

2. *Cf.* Ind.Code § 13–11–2–158(a) (1998) (defining "person" as "an individual, a partnership, a copartnership, a firm, a company, a corporation, an association, a joint stock company, a trust, an estate, a municipal school corporation, a city, a school city, a town, a school town, a school district, a school corporation, a county, any consolidated unit of government, political subdivision, *state agency,* a contractor, or any other legal entity") (emphasis added).

sory opinions. *Cf. City of Mishawaka v. Mohney,* 156 Ind.App. 668, 673–74, 297 N.E.2d 858, 860–61 (1973). The same reasons behind this proscription apply whether the case is brought in the name of the state agency or in the name of a state actor in his or her official capacity as the agency head. Thus, accepting Boatwright's argument that he, as an individual, may bring a declaratory judgment action that the Indiana State Fire Marshal is prohibited from bringing, would lead to an absurd result unintended by the General Assembly.

For all of these reasons, we hold that a state official, acting in his or her official capacity, may not bring a declaratory judgment action pursuant to Indiana Code sections 34–14–1–2 and –13. Accordingly, the trial court's denial of Fireworks' motion to dismiss for lack of subject matter jurisdiction is reversed and this case is remanded for the trial court to dismiss Boatwright's Amended Complaint for Declaratory Judgment.

Reversed and remanded.

MATTINGLY and ROBB, JJ., concur.