Steven LAE, Appellant–Plaintiff,

v.

**Shane HOUSEHOLDER and Emily Householder, Appellee.**

No. 02A05–0112–CV–549.

Court of Appeals of Indiana.

May 20, 2002.

---

Jeffrey G. Raff, Fort Wayne, IN, Attorney for Appellant.

Karen T. Moses, Baker & Daniels, Fort Wayne, IN, Attorney for Appellee.

**OPINION**

ROBB, Judge.

Steven Lae appeals from the trial court's judgment in favor of Shane Householder and Emily Householder (collectively referred to as the "Tenants") ordering that Lae return Tenants' security deposit. We reverse and remand.

*Issue*

Lae presents one issue for our review, which we restate as whether the trial court's judgment that he failed to provide to Tenants a timely itemized statement of damages as required by Indiana Code chapter 32–7–5 and was required to return their security deposit is contrary to law.

### Facts and Procedural History

Lae and Tenants entered into a written lease dated June 16, 2000, for the rental of property in Fort Wayne, Indiana. Pursuant to the lease, Tenants paid a $500.00 security deposit. Tenants vacated the premises on March 18, 2001.

On May 4, 2001, counsel for Tenants sent to Lae a written request for return of Tenants' security deposit. Lae filed a notice of claim against Tenants in Allen County small claims court on May 10, 2001, seeking $6,000.00 in damages. Tenants filed a counter-claim seeking return of their security deposit. At no time prior to a hearing on this case did Lae provide a written itemization of damages to Tenants.

Following a hearing and a supplemental hearing, the trial court issued the following order:

1. [Tenants] made a demand upon [Lae] for the return of their security deposit pursuant to the letter sent by attorney David Durm dated May 4, 2001. That letter served as a notice to [Lae] of the [Tenants'] forwarding address.

2. [Lae] failed to comply with Indiana Code Section 32–7–5–12 in that he did not provide an itemized list of damages to the [Tenants] within forty-five (45) days of his receipt of the May 4th letter. [Lae] is not entitled to recover any unpaid rent, damages beyond normal wear and tear, or attorney fees.

3. [Tenants] are entitled to recover their security deposit in the amount of $500.00. The [Tenants] are also entitled to recover reasonable attorney fees as prayed for in their Counter–Claim. The only evidence presented at trial for attorney fees was the letter of attorney Durm requesting fees in the amount of $100.00.

Judgment for [Tenants] and against [Lae] in the amount of $600.00. Costs to [Lae].

Appellant's Appendix at 25. Lae filed a motion to correct errors, which the trial court denied, relying on language from *Raider v. Pea,* 613 N.E.2d 870 (Ind.Ct. App.1993). Lae now appeals.

### Discussion and Decision

#### I. Standard of Review

■ On reviewing the judgment of a small claims court, we will not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). *See also City of Dunkirk Water & Sewage Dep't v. Hall,* 657 N.E.2d 115, 116 (Ind.1995). Thus, we do not reweigh the evidence or determine credibility of witnesses. *Edwards v. Indiana State Teachers Ass'n,* 749 N.E.2d 1220, 1225 (Ind.Ct.App.2001). Rather, we consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* "This deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *Hall,* 657 N.E.2d at 116 (quoting Ind. Small Claims Rule 8(A)). In this instance, Lae is appealing from a negative judgment, and thus the trial court will be affirmed unless all evidence leads to the conclusion that the trial court's judgment is clearly erroneous and against the logic and effect of the facts. *See Edwards,* 749 N.E.2d at 1225.

#### II. Security Deposits Statute

Indiana's Security Deposits statute provides, in relevant part, as follows:

(a) Upon termination of a rental agreement, all of the security deposit held by the landlord shall be returned to the tenant, except for any amount applied to:

(1) the payment of accrued rent;

(2) the amount of damages that the landlord has or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and

(3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord in a written notice delivered to the tenant together with the amount due within forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until supplied by the tenant in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, the tenant is not entitled to apply a security deposit to rent.

(b) If the landlord fails to comply with subsection (a), the tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

Ind.Code § 32–7–5–12.

In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter, including the estimated cost of repair for each damaged item and the amounts and lease on which the landlord intends to assess the tenant. The list must be accompanied by a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

Ind.Code § 32–7–5–14.

The trial court relied on *Raider v. Pea*, 613 N.E.2d 870 (Ind.Ct.App.1993), in its order denying Lae's motion to correct errors, and both parties reference *Raider* in support of their respective positions. In that case, the tenants terminated a lease and vacated the premises on June 28, 1990. On August 9, 1991, the landlord filed a small claims action against the tenants alleging that they owed him unpaid rent and damages. On September 13, 1991, the tenants filed an answer denying the landlord's claim and asserted a counterclaim of their own for return of their security deposit. At trial, the landlord testified that the tenants had not provided him with their new mailing address when they vacated the property and that he had tried several times unsuccessfully to obtain their address. Some time in 1991, he learned they had returned to the area, and he filed his claim approximately ten days later. The tenants testified that the landlord knew they were moving to St. Louis and that they had left a forwarding address with the post office. They maintained that because the landlord had not given them a written itemization of damages, his claim was barred. The trial court awarded the landlord the security deposit toward his damages, and the tenants appealed.

On appeal, this court examined the Security Deposits statute, and in particular sections 12 and 14, and found an ambiguity in the statute regarding the tenant's obligation to supply a forwarding mailing address. Both sections 32–7–5–12(a)(3) and 32–7–5–14 require the landlord to give a written itemized statement to the tenant within forty-five days of termination of the lease; however, only section 12 imposes a reciprocal duty upon the tenant to first supply his forwarding address to the land-

lord. We therefore determined that, in order to uniformly apply the statute and give effect to the intention of the legislature in enacting the Security Deposits statute, "the tenant's obligation ... to provide the landlord with a mailing address prior to the running of the forty-five day notice period against the landlord, applies to all provisions of the Security Deposits statute...." *Id.* at 873. We also noted that in imposing an affirmative obligation on the tenant to provide a forwarding address, section 12(a)(3) "tolls the running of the forty-five day period against the landlord until the tenant meets his obligation." *Id.* at 872. Ultimately, we determined that the tenants had not provided the landlord with their forwarding address[1] and that the forty-five day notice period had never begun to run. Therefore, we affirmed the trial court's award.

■ Lae points to our statement in *Raider* that the tenant has an obligation to provide the landlord with a forwarding address *prior* to the running of the forty-five day notice period in support of his position that because Tenants did not do so, he was not required to provide a written itemization of damages to be withheld from the security deposit. Tenants point to our statement in *Raider* that the forty-five day notice period is tolled until the tenant provides a forwarding address in support of their position. We believe the two statements are not inconsistent and can be reconciled.

■ The obligations imposed by the Security Deposits statute are limited by the phrase "within forty-five days after the termination" of the lease. *See* Ind.Code §§ 32–7–5–12, –14. As Judge Najam

pointed out in *Raider*, the forty-five day notice requirement serves "[t]he goals of timely and documented notice of a claim against a security deposit" by protecting tenants from unreasonable delays by their landlords in resolving claims against their security deposits and requiring specific justification for any deduction from the deposit. *Raider*, 613 N.E.2d at 873. As Judge Najam also noted in *Raider*, those goals "cannot be achieved ... when the landlord does not possess the tenant's mailing address in order to deliver the required notice." *Id.* Although the statute is primarily for the benefit of the tenant, the statute does place the initial burden on the tenant to supply a forwarding address to the landlord. We believe it is also appropriate to place the burden on the tenant to do so in a timely fashion. It would not serve the goals of the statute to allow the tenant to wait months before providing a forwarding address. Our legislature has determined that forty-five days is a reasonable time. If the tenant wishes to have any or all of his security deposit returned within a reasonable time, he must bear responsibility for making sure that the landlord has his forwarding address within that period. Therefore, consistent both with the statute and our opinion in *Raider*, we hold that the tenant must supply a forwarding address to the landlord within forty-five days of termination of the lease, and the landlord's forty-five day period in which to provide the written itemization is tolled until the tenant meets that obligation. If the tenant does not supply a forwarding address within forty-five days after termination of the lease, the landlord's forty-five day notice

---

1. We held that leaving a forwarding address with the post office is not sufficient because the statute requires that the address be "supplied" to the landlord. In this context, "supplied" means "to provide or deliver the mailing address to the landlord." *Id.* at 873. Further, placing the landlord on general notice of the tenant's new city of residence is not sufficient.

period never begins to run, and the landlord cannot violate the terms of the Security Deposits statute or waive his claim to deduct damages from the security deposit by failing to provide the written itemization.

In this case, the lease was terminated and Tenants vacated the premises on March 18, 2001.[2] The trial court found that Tenants provided their forwarding address to Lae on May 4, 2001, in a letter from their attorney requesting return of their security deposit.[3] That letter was mailed forty-seven days after termination of the lease. Because the forwarding address was not supplied to Lae within the forty-five day notice period, Lae is entitled to deduct his legitimate damages from the security deposit even without having provided the written itemization of damages. We therefore reverse the judgment of the trial court and remand for a determination of Lae's damages and an appropriate judgment thereon.

## Conclusion

In order to be entitled to the written itemization of damages provided for by the Indiana Security Deposits statute, the tenant must first supply a forwarding address within the forty-five day notice period. Because Tenants did not supply Lae with their forwarding address until after the expiration of the notice period, Lae was not required to provide a written itemization of damages and is entitled to recover his damages. The trial court's judgment that Tenants were entitled to the return of their entire security deposit is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY and NAJAM, JJ., concur.

2. Apparently, Tenants claimed that they left their forwarding address on the premises with the keys. The trial court specifically rejected this claim, finding that they had failed to present sufficient evidence to show that they had indeed done so. Appellant's Appendix at 16.

3. At the conclusion of the initial hearing of this matter, the trial court issued an order which referred to Tenants' counterclaim as the date on which they provided to Lae a forwarding address. The trial court ordered the parties to submit written evidence regarding whether the counterclaim triggered the forty-five day period in which Lae had to provide an itemization of damages, and it ordered that either party could request a hearing before a certain date. If neither requested such a hearing, the case would be submitted on the written evidence alone. Appellant's Appendix at 16. A supplemental hearing was indeed held, at the conclusion of which the trial court entered the judgment quoted herein. Because the counterclaim was also filed after the forty-five day notice period had expired, we need not determine herein whether a counterclaim, if otherwise timely, could fulfill the requirement that the tenant provide to the landlord a forwarding address. We do note, however, that this court has previously held that the filing of a claim in court by a landlord before the expiration of the forty-five day notice period does not satisfy the landlord's obligation to provide a written itemization of damages when he knows the tenant's forwarding address. *Chasteen v. Smith*, 625 N.E.2d 501, 502 (Ind.Ct. App.1993).