Steven LAE, Appellant
(Plaintiff Below),

v.

Shane HOUSEHOLDER and Emily Householder, Appellees
(Defendants Below).

No. 02S05–0209–CV–490.

Supreme Court of Indiana.

June 9, 2003.

Jeffrey G. Raff, Fort Wayne, IN, Attorney for Appellant.

Karen T. Moses, Fort Wayne, IN, Attorney for Appellee.

Stacee E. Evans, Bloomington, IN, Attorney for Amicus Curiae.

## ON PETITION FOR TRANSFER

BOEHM, Justice.

The Security Deposits statute requires that a landlord, within forty-five days after termination of a residential lease, supply a written specification of any damages claimed to offset a security deposit. We conclude that a tenant's failure to supply the landlord with a forwarding address before the forty-five-day period has expired defers but does not eliminate the landlord's obligations under the statute.

### Factual and Procedural Background

In June, 2000, Shane and Emily Householder leased a rental apartment in Fort Wayne from Steven Lae under a written lease calling for a security deposit of $500 to cover any damage the Householders caused to the property.

On March 18, 2001, several months before the lease expired, the Householders vacated the apartment to accommodate Lae's desire to occupy it. Forty-seven days later, on May 4, 2001, the Householders' counsel mailed to Lae a written request for the return of their security deposit. Lae responded by filing a complaint against the Householders for damages totaling $6,000 that he claimed resulted from the Householders' occupancy. The notice of claim served on counsel for the Householders did not contain an itemization of damages and did not specify any factual basis for the damage amount of $6,000.

The Householders counterclaimed for the return of their security deposit, plus statutory attorney's fees and costs.

The case was tried in the Allen County Small Claims Court where the trial court found in favor of the Householders and held Lae liable for the return of the Householders' security deposit and for attorney's fees. The trial court awarded this relief based on Lae's failure to comply with the requirement of Indiana's Security Deposits statute, Indiana Code section 32–31–3–12 (2002),[1] that a landlord provide an itemized list of damages to the Householders within forty-five days after termination of occupancy.

The Court of Appeals reversed. *Lae v. Householder*, 767 N.E.2d 1044 (Ind.Ct. App.2002). Section 12 of the Security Deposits statute requires that a landlord furnish an itemized list of claimed damages within forty-five days of the termination of the lease, but also provides that the landlord is not liable until the tenant furnishes a forwarding address. Ind.Code § 32–31–3–12 (2002). The Court of Appeals reasoned that the effect of the Householders' failure to supply an address within forty-five days made it impossible for the landlord to provide the itemized list of damages within the time required by section 12, and therefore relieved the landlord of statutory liability. This holding conflicted with the earlier decision of the Court of Appeals in *Raider v. Pea*, 613 N.E.2d 870, 873 (Ind.Ct.App.1993), which stated that the effect of a tenant's failure to forward an address was to toll the time for the landlord's obligation to specify damages but not to eliminate it. We granted transfer.

## Standard of Review

Under Trial Rule 52(A), the standard of appellate review for facts determined in a bench trial is clearly erroneous, and due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. Judgments from small claims court are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). A "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind.1995) (quoting Ind. Small Claims Rule 8(a)). This doctrine relates to procedural and evidentiary issues, but does not apply to the substantive rules of law which are reviewed de novo as in an appeal from a court of general jurisdiction. This appeal presents only questions of law.

## The Security Deposits Statute

A security deposit remains the property of the tenant. The Restatement (Second) of Property phrases the issue broadly:

> In the absence of a manifestation of a contrary intent, the landlord becomes a debtor of the tenant in the amount of the deposit, the amount of this debt to be cancelled to the extent of the tenant's liability to the landlord because of his defaults under the lease. On the termination of the lease ... the landlord is obligated to pay to the tenant the amount of his indebtedness.

*Restatement (Second) of Prop.* § 12.1, cmt. 1 (1977). Thus, except to the extent the Security Deposits statute affects this ar-

---

**1.** These sections were recodified effective July 1, 2002 without substantive change. The sections in force at the time of these events and the trial were found at I.C. § 32–7–5–1 to –19 (1998).

rangement, return of the security deposit is a contractual obligation of the landlord, subject only to the landlord's right to off-set damages to the property. In general, the Security Deposits statute retains the obligation of the landlord to return the deposit, net of any damage claims, but imposes a timeline of events that can eliminate the landlord's right to offset for claimed damages, and can also expose the landlord to payment of the tenant's attorney's fees. *Matusky v. Sheffield Square Apartments*, 654 N.E.2d 740, 741 (Ind. 1995).

The issue here is purely one of statutory construction. The Indiana Security Deposits statute, Indiana Code chapter 32–31–3, provides in relevant part:

Section 12. (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:

. . .

(2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement

. . .

all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. . . .

(b) If the landlord fails to comply with subsection (a), the tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

Section 13 permits the landlord to apply a security deposit to the cost of repairing damage caused by the tenant not the result of ordinary wear and tear. I.C. § 32–31–3–13(1). Section 14 states that the itemized damages list must specify "the estimated cost of repair for each damaged item," and be accompanied by a check for the unneeded balance of the deposit. I.C. § 32–31–3–13(1). In *Raider*, the Court of Appeals concluded that section 12 governs the consequences of failure to comply with the more specific information required by section 14. *Raider*, 613 N.E.2d at 872. We agree.

In a nutshell, the statute provides that the landlord must refund the deposit, net of damage claims, within forty-five days and supply an itemized list of any damages claimed to reduce the amount to be refunded. Failure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees.

The statute is clear that the landlord's obligation begins to run "after termination of the rental agreement and delivery of possession." I.C. § 32–31–3–12(a); *see also Figg v. Bryan Rental, Inc.*, 646 N.E.2d 69, 73 (Ind.Ct.App.1995). Or, to put it more precisely, termination of the rental agreement occurs after surrender by the tenant and acceptance of surrender by the landlord. *Id.* However, the landlord's obligation cannot begin to run until after the tenant has supplied a forwarding address. I.C. § 32–31–3–12(a); *Raider*, 613 N.E.2d at 872–73. The issue here is the effect of the tenant's delivery of a forwarding address more than forty-five days after termination. The trial court, following *Raider*, concluded that that effect was to delay but not eliminate the landlord's statutory obligations. In the view of the Court of Appeals, the tenant's delay removed the statute from play and left the parties where they would be if there were no Security Deposits statute. Although either result is consistent with

the language of the statute, we agree with the trial court that the purposes of the statute are best served by the construction placed on it by the Court of Appeals in *Raider*, which took the view that a tenant's belated forwarding of an address tolled but did not eliminate the landlord's liability under the statute.

The primary purpose of this statute is to equalize a bargaining position that the legislature deemed unbalanced. *Turley v. Hyten*, 772 N.E.2d 993, 997 (Ind. 2002); Lloyd T. Wilson, Jr., *New Bricks for the Wall: Developments in Property Law in Indiana*, 34 Ind. L.Rev. 955, 977 (2001). The purpose of these provisions is to provide for the timely return of the tenant's security deposit and to protect the tenant from wrongful withholding of the deposit by the landlord. *Deckard Realty & Dev. v. Lykins*, 688 N.E.2d 1319, 1321 (Ind.Ct.App.1997); *Raider*, 613 N.E.2d at 872–73. The notice requirements are intended to inform a tenant as to what specific damages or liability claims the landlord is attempting to offset against the tenant's deposit. *Schoknecht v. Hasemeier*, 735 N.E.2d 299, 302 (Ind.Ct.App.2000).

Several aspects of the statute are clear. The tenant has no statutory obligation. Under this statute, and under the common law, the only effect of an unclaimed security deposit is that the landlord has the use of the money, and the issue of the amount of any damage remains unresolved. The effect of the statute is to permit, but not require, the tenant to trigger a prompt resolution of these issues and a prompt refund of the deposit if there is no dispute over damages. It imposes no great burden on a landlord to permit that remedy to be invoked even after some time has passed. *Pinnacle Props. v. Saulka*, 693 N.E.2d 101, 104 (Ind.Ct.App.1998). To the contrary, the landlord has the potential of a windfall in the form of a perpetually unclaimed security deposit. The landlord is required to itemize the damages promptly after termination to be in a position to comply with the forty-five-day requirement of the statute. Retention of that information places a minimal burden on the landlord who has not yet been furnished with the tenant's forwarding address. On the other hand, forfeiture of the statutory remedy eliminates the tenant's bargaining leverage to achieve a prompt resolution of any dispute.

The statute does not explicitly provide that the tenant's remedy evaporates after forty-five days. Rather, it says the landlord has no liability "until" an address is furnished. If the tenant has not supplied an address within the forty-five-day period, we think tolling the landlord's obligation until a forwarding address is furnished is more consistent with this language and with the purpose of the statute.

*Robinson v. Gazvoda*, 783 N.E.2d 1245, 1251–52 (Ind.Ct.App.2003), concluded that the tenant has a reasonable time to provide a forwarding address to the landlord, even outside the forty-five-day period. Assuming there is some point at which the tenant's ability to invoke the statute expires, either by passage of time or by detrimental reliance by the landlord, we need not address that question here. The Householders furnished their address only two days after expiration of the forty-five-day period, and there is no claim that the intervening period in any way prejudiced the landlord's interests.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.