FILED

Jun 26 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court



**FOR PUBLICATION**

APPELLANTS PRO SE:

**LINDSAY WASHMUTH**
**KRISTOPHER WASHMUTH**
Lapel, Indiana

ATTORNEY FOR APPELLEES:

**JONATHON T. COOK**
Sansberry Dickmann Freeman Builta
  & Cook
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LINDSAY WASHMUTH and ,<br>KRISTOPHER WASHMUTH,<br><br>    Appellants-Petitioners,<br><br>       vs.<br><br>JOHNNY WILES and AMY WILES,<br><br>    Appellees-Respondents, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 48A04-1310-SC-515 |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1305-SC-2304

**June 26, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Lindsay and Kristopher Washmuth ("Landlords") appeal the small claims court's judgment in favor of Johnny and Amy Wiles ("Tenants"). We reverse and remand.

**Issue**

Although Landlords raise several issues, we address one dispositive issue, which we restate as whether the small claims court properly determined that Landlords failed to provide Tenants with a timely itemization of damages regarding their security deposit.

**Facts**

In October 2010, Tenants entered into a one-year lease with Landlords to rent a residence at 505 South Main Street in Lapel for $775 per month plus a $1,500 security deposit. The lease was extended to March 31, 2013, but Tenants did not move out until April 1, 2013. On April 29, 2013, Tenants and Landlords exchanged several text messages regarding the return of the security deposit. Tenants refused to provide their new address and, instead, directed Landlords to send the itemized list of damages to their attorney. They provided Landlords with their attorney's address.

On May 23, 2013, Tenants filed a small claims court action against Landlords for the return of their security deposit, attorney fees, and court costs in the amount of $2,089.00. Upon receiving Tenants' address in the small claims filing, Landlords mailed the itemized list of damages to them on May 28, 2013. Landlords claimed $1,921.76 in damages and refused to return the security deposit to Tenants. That notice was returned unclaimed. However, Tenants did receive the itemized list on June 8, 2013. On July 1,

2

2013, Landlords filed a counterclaim for damages and unpaid utilities in the amount of $2,137.36.

After a hearing, the small claims court entered an order finding that Tenants had provided Landlords with a permanent address, a post office box in Lapel, on payment checks while they were still in possession of the property and that Tenants had also provided Landlords with the address of their lawyer. The small claims court concluded that Tenants "did provide sufficient notice of their forwarding address, triggering landlords' obligation to provide an itemized statement of damages." App. pp. 10-11. The small claims court determined that Landlords' itemized statement was not timely and that they were required to return the entire security deposit, pay Tenants' reasonable attorney fees, and were "limited to recovering unpaid rent on their counterclaim." Id. at 11. The small claims court awarded Tenants the $1,500 security deposit, $800 in attorney fees, and $89 in court costs and awarded Landlords $52 in rent for the holdover period. Landlords filed a motion to reconsider, which the small claims court denied. Landlords now appeal.

**Analysis**

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the small claims court to assess witness credibility. Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1067 (Ind. 2006). This "deferential standard of review is particularly important in small claims actions,

where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" Id. at 1067-68 (quoting City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995)).

Landlords argue that they timely notified Tenants of the itemized damages that were deducted from the security deposit. Our supreme court has held that "[a] security deposit remains the property of the tenant." Lae v. Householder, 789 N.E.2d 481, 483 (Ind. 2003). Indiana's Security Deposit statute, Indiana Code Chapter 32-31-3, provides "that the landlord must refund the deposit, net of damage claims, within forty-five days and supply an itemized list of any damages claimed to reduce the amount to be refunded. Failure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees." Id. at 484. The Security Deposit statute specifically provides, in part:

> (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:
>
> (1) the payment of accrued rent;
>
> (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and
>
> (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;
>
> all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies

4

> the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.
>
> (b)    If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

Ind. Code § 32-31-3-12.

Tenants first argue that they provided Landlords with a forwarding address on a payment check while they were still residing at the rental house. At the hearing, Tenants presented a carbon copy of a check made out to Kris Washmuth dated February 13, 2012. However, the copy does not contain a name or address of the payor. Tenants also submitted a blank check that contained "Amy B Calfee" as the payor with an address of "505 S. Main, P.O. Box 333, Lapel, IN." Exhibit 99. Amy Wiles testified that a post office box was required in Lapel because the post office did not deliver mail to the houses.

Tenants contend that the February 2012 check informed Landlords of their forwarding address. However, Tenants did not move out of the residence until April 2013. It was clear from the testimony that the post office box was used when they lived in the rental property. There was no evidence that the post office box in Lapel remained a proper address for Landlords to send Tenants the itemized list of damages after Tenants moved out of the Lapel residence. In fact, at the time of the hearing in July 2013, Tenants lived in Anderson. Further, Landlords should not be required to search through years of cancelled checks to find a forwarding address for their tenants. We conclude

5

that the small claims court erred when it determined that the post office box allegedly provided on a check months earlier was a proper address for Landlords to send the itemized damages.

On April 29, 2013, Tenants did provide their attorney's address to Landlords and direct Landlords to send the itemized damages there. The statute merely requires tenants to provide "a mailing address to which to deliver the notice and amount prescribed by this subsection." I.C. § 32-31-3-12(a). Providing Landlords with the address of Tenants' attorney was sufficient to trigger Landlords' duty to send the notice. See Reynolds v. State, 463 N.E.2d 1087, 1088 (Ind. 1984) (holding that "notice or information given to an attorney constitutes notice to his client"). If Landlords had forty-five days from the time they received the address to send the notice, then their May 28, 2013 and June 8, 2013 notices were timely. However, Tenants contend that, because Landlords received the address within forty-five days of the termination of the lease, they were required to send the notice within the forty-five-day period after the termination of the lease and that the notice was untimely.

Our supreme court has held that "[t]he statute is clear that the landlord's obligation begins to run 'after termination of the rental agreement and delivery of possession.'" Lae, 789 N.E.2d at 484 (quoting I.C. § 32-31-3-12(a)). Termination of the rental agreement occurs after surrender by the tenant and acceptance of surrender by the landlord. Id. However, the court held that the landlord's obligation cannot begin to run until after the tenant has supplied a forwarding address. Id. A tenant's belated forwarding of an address tolls but does not eliminate the landlord's liability under the

statute. Id. at 485. The court in Lae addressed a situation where the tenants provided a forwarding address after the initial forty-five day period had expired. It held: "If the tenant has not supplied an address within the forty-five-day period, we think tolling the landlord's obligation until a forwarding address is furnished is more consistent with this language and with the purpose of the statute." Id.

The court cited Raider v. Pea, 613 N.E.2d 870 (Ind. Ct. App. 1993), with approval. In Raider, we held:

> While the parties refer us to the forty-five day itemized, written notice required by Ind. Code § 32-7-5-14 [see now Indiana Code Section 32-31-3-14], we cannot ignore the language of Ind. Code § 32-7-5-12(a)(3) [see now Indiana Code Section 32-31-3-12] which provides that the "landlord is not liable under this subsection until supplied by the tenant with a mailing address to which to deliver the notice and amount prescribed by this subsection." Id. The "liability" referred to is the requirement in the preceding sentence of the subsection that the landlord provide an itemized, written notice to the tenant of a claim against the security deposit within forty-five days after termination of the rental agreement. Id. Section 12(a)(3) imposes an affirmative obligation upon the tenant to provide a mailing address to the landlord to facilitate giving the required forty-five day notice, and it tolls the running of the forty-five day period against the landlord until the tenant meets his obligation.

Raider, 613 N.E.2d at 872.

Based on the language of Indiana Code Section 32-31-3-12, Lae, and Raider, we conclude that, if a tenant immediately provides a forwarding address upon termination of the rental agreement and delivery of possession, a landlord has forty-five days to deliver the itemized damages to the tenant. However, if the tenant fails to provide the forwarding address upon termination of the rental agreement and delivery of possession,

7

as noted by Raider, under Indiana Code Section 32-31-3-12, the landlord "is not liable . . . until supplied by the tenant with a mailing address to which to deliver the notice." The landlord's obligation cannot begin to run until after the tenant has supplied a forwarding address. Lae, 789 N.E.2d at 484. The landlord's obligation to send the notice is tolled until it receives the forwarding address. Once a tenant provides the forwarding address, a landlord then has forty-five days to deliver the notice.[1] Consequently, once Tenants provided Landlords with a mailing address on April 29, 2013, Landlords had forty-five days to deliver the itemized damages notice to the Tenants, and Landlords' notices to Tenants on May 28, 2013, and June 8, 2013, were timely.

## Conclusion

The small claims court erred when it determined that Landlords' notice to Tenants was untimely. Consequently, we reverse and remand for the small claims court to calculate the amount of damages incurred by Landlords and the amount of the security deposit, if any, that should be returned to Tenants.

Reversed and remanded.

BAKER, J., and CRONE, J., concur.

---

[1] Under the Tenants' proposed interpretation, a landlord would be required to immediately deliver the notice even if a tenant provided the mailing address on the forty-fourth day.