Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 01 2012, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DEWAYNE BUSZ**
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEWAYNE BUSZ,                          )
                                       )
    Appellant-Plaintiff,               )
                                       )
    vs.                                )    No. 43A03-1202-SC-67
                                       )
BRANDI WATKINS and,                    )
MIKE SCHUH,                            )
                                       )
    Appellees-Defendants.              )

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-1110-SC-1674

**August 1, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

DeWayne Busz ("Busz") appeals the judgment of the Kosciusko Superior Court ordering him to pay $361 to Brandi Watkins ("Watkins") and Mike Schuh ("Schuh") (collectively "the Tenants"). On appeal, Busz presents three issues, which we consolidate and restate as whether the trial court clearly erred in concluding that the Tenants owed only $314 in rent, that they did not cause any damage to the rental property, and that Busz should therefore remit the balance of the $675 security deposit.

We affirm.

## Facts and Procedural History[1]

The Tenants rented a home in Warsaw, Indiana owned by Busz. According to the lease agreement, the Tenants were to pay $314 every other week in rent. They also gave Busz $675 as a security deposit. After the Tenants fell behind in rent, Busz ultimately had them evicted. On October 21, 2011, Busz filed an action titled "Possession for Non-Payment of Rent" in Kosciusko Superior Court, claiming that the Tenants were behind in their rent and seeking $2,233 in damages.

A bench trial was held on this matter on December 13, 2011. Busz and his wife testified and presented evidence supporting the claim for damages. Watkins and Schuh also testified. Watkins admitted that they had fallen behind in rent, but claimed that they had only missed one payment. That is, the Tenants admitted that they owed Busz $314.

---

[1] The statement of facts contained in Busz's appellant's brief is based almost entirely on evidence and testimony that is not favorable to the trial court's judgment. This is improper. See Ind. Appellate Rule 46(A)(6)(b) ("The facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed."). Nor does Busz state the facts in a narrative form. See App. R. 46(A)(6)(c). While we are aware that Busz is proceeding *pro se*, this does not relieve him of the obligation to follow the appropriate appellate rules. See Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005).

2

They also admitted that they had not left Busz a forwarding address. The trial court took the matter under advisement, and on December 16, 2011, entered an order which read in relevant part:

> Comes now the hour set for trial in regard to the Plaintiff's Complaint seeking past due rent and damages. The Plaintiff, DeWayne Busz, appears in person and without counsel. The Defendants, Brandi Watkins and Mike Schuh, appear in person and without counsel. The parties present their evidence and arguments.
>
> After considering the parties' evidence, the Court FINDS that Brandi Watkins and Mike Schuh owe $314.00 in past due rent but did not cause any property damage. The tenants have posted a $675 deposit from which the landlord, DeWayne Busz, is entitled to deduct the $314 unpaid rent from and return the balance of $361.00 to Brandi Watkins.
>
> The Court ORDERS the $361.00 paid to Brandi Watkins . . . within thirty (30) days.

Appellant's App. p. 6. Busz now appeals.

**Discussion and Decision**

We first note that neither of the Tenants have filed a brief with this court. When an appellee fails to submit a brief, the appellant may prevail by making a *prima facie* case of error. Mikel v. Johnston, 907 N.E.2d 547, 551 n.3 (Ind. Ct. App. 2009). This *prima facie* error rule protects this court and takes from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. Id. But even under the *prima facie* error rule, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Id.

Busz admits that he bore the burden of proof at trial and, as such, now appeals from a negative judgment. See Appellant's Br. at 10. A negative judgment may be attacked only as being contrary to law. Williams v. Rogier, 611 N.E.2d 189, 197 (Ind. Ct.

3

App. 1993), disapproved of on other grounds by Fraley v. Minger, 829 N.E.2d 476 (Ind. 2005). We will reverse a negative judgment only if there is no evidence to support the judgment and we reach a definite and firm conviction that a mistake has been made. Id. Where the issue is tried before a court and not a jury, the judgment on that issue will be reversed only if it is clearly erroneous. Id.

In determining whether a negative judgment is contrary to law, we neither reweigh evidence nor judge witness credibility. J .W. v. Hendricks Cnty. Office of Family & Children, 697 N.E.2d 480, 482 (Ind. Ct. App. 1998). Instead, we consider only the evidence most favorable to the prevailing party together with all reasonable inferences flowing therefrom. Id. Thus, we will disturb a negative judgment as being contrary to law only if the evidence is without conflict and leads to but one conclusion, and the lower court has reached the opposite conclusion. Lambert v. State, 743 N.E.2d 719, 726 (Ind. 2001).

A. *Amount of Rent Due*

Busz's first argument is that the trial court erred in determining that the Tenants owed him only $314 in rent. In support of his argument, however, Busz refers exclusively to the evidence and testimony he presented to the trial court. Clearly, the trial court discredited the testimony and evidence presented by Busz and instead chose to believe the testimony of Watkins and Schuh. It was within the trial court's prerogative to do so. Busz's argument is simply a request that we reweigh the evidence and conclude that his evidence was more credible and compelling than the testimony of Watkins and Schuh. This is precluded by our standard of review. See J .W., 697 N.E.2d at 482. The

4

evidence favorable to the trial court's judgment indicates that Watkins and Schuh testified that they owed Busz $314. This is sufficient to support the trial court's judgment.

The same is true for Busz's claim that the trial court erred in finding that the Tenants did not cause any damage to the rental property. The trial court simply chose to believe the Tenants' testimony that the damage complained of existed before they moved in to the rental property, and we may not substitute our judgment for that of the trial court.

B. *Security Deposit Statute*

Busz also briefly claims that he should not be held liable under Indiana Code section 32-31-3-12(a)(3) because the Tenants admitted that they never provided him with an address to which he could send an itemized notice of damages. However, Busz fails to further develop this argument and provides no citation to authority or the relevant portions of the record. We therefore conclude that this issue is waived for failure to make a cogent argument. See Ind. Appellate Rule 46(A)(8)(a) (providing that an argument in an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]"); Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding that appellants waived issue by failing to present a cognizable argument in support of their assertion).

Waiver notwithstanding, it appears that Busz's argument is misplaced. The statute cited by Busz is part of the Security Deposit Statute, Indiana Code chapter 32-31-3. See Lae v. Householder, 789 N.E.2d 481, 483 (Ind. 2003). Section 16 of the Security Deposit

5

Statute does provide that a landlord who fails to comply with the notice provisions of the security deposit statutes "is liable to the tenant in an amount equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs." Ind. Code § 32-31-3-16.

As explained by our supreme court in Lae, under the Security Deposit Statute, a landlord must refund the tenant's security deposit, net of damage claims, within forty-five days and supply an itemized list of any damages claimed to reduce the amount to be refunded, and the failure to refund and supply the itemized list results in a waiver of any claim for damages and exposes the landlord to liability for the tenant's attorney fees. 789 N.E.2d at 483-84. Here, however, Busz was not found liable under Section 16 of the Security Deposit Statute; instead, the trial court simply concluded that he had not met his burden of proof regarding the amount of rent due and whether the Tenants caused any damages to the rental property.

Moreover, the failure of the Tenants to provide Busz with an address where he could send the required notice is of no moment here, let alone dispositive. Under the Security Deposit Statute:

> *The tenant has no statutory obligation.* Under this statute, and under the common law, the only effect of an unclaimed security deposit is that the landlord has the use of the money, and the issue of the amount of any damage remains unresolved. *The effect of the statute is to permit, but not require, the tenant to trigger a prompt resolution of these issues and a prompt refund of the deposit if there is no dispute over damages.*

6

Lae, 789 N.E.2d at 485.  Here, the Tenants did not choose to trigger prompt resolution of the dispute by providing Busz with a new address, but neither did they seek to hold Busz liable under the Security Deposit Statute.

C.  *Summary Calculation Evidence*

Lastly, Busz claims that the trial court misunderstood one of Busz's exhibits admitted during trial.  Specifically, Busz claims that his Exhibit 2, which he characterizes as a summary of his calculations, was proper under this statute.  Busz notes that Indiana Evidence Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation."  However, Busz's Exhibit 2 was admitted into evidence at trial.  See Tr. p. 12; Ex. Vol. p. 3.  The fact that this exhibit may have been proper and was admitted into evidence does not require the trial court to give it any particular evidentiary weight.

**Conclusion**

Viewing the evidence favorable to the trial court's judgment, we are unable to say that the trial court's judgment was clearly erroneous.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.

7