**Crystal REEVES, Appellant–Claimant,**

v.

**Sharon DOWNIN, Appellee–Counterclaimant.**

**No. 03A01–0904–CV–197.**

Court of Appeals of Indiana.

Oct. 29, 2009.

---

James D. Worton, Worton & Rohde, Columbus, IN, Attorney for Appellant.

Jeffrey C. Rocker, Beck Harrison, P.C., Columbus, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Tenant Crystal Reeves filed suit against her landlord, Sharon Downin, seeking recovery of her security deposit, and Downin filed a counterclaim for damages to the apartment. Following the trial court's denial of her motion to correct error, Reeves appeals and raises two issues that we consolidate and restate as: whether the trial court abused its discretion when it rendered a judgment in favor of Downin on her counterclaim for damages to the apartment, even though Downin failed to provide Reeves with an itemization of damages and written notice of her intent to retain the security deposit.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY[1]

The facts are largely undisputed. On May 1, 2007, Reeves and Downin entered

1. We commend Downin for utilizing Indiana Appellate Rule 46(B)(1) and acknowledging

into a lease agreement for rental of an apartment in Columbus, Indiana. Reeves paid a $400 security deposit on the property. When she moved out of the premises on September 30, 2008, she left a note for Downin that provided Downin with her forwarding address and requested that Downin return the security deposit to her. Downin received the note, but did not return the security deposit to Reeves, nor did she send Reeves an itemized list of damages to which she intended to apply the security deposit.

On November 14, 2008, Reeves filed a small claims suit, seeking recovery of her security deposit. Thereafter, on December 31, 2008, Downin filed a counterclaim against Reeves for damage to the property. Both parties appeared *pro se* at the January 6, 2009 trial.

On January 9, 2009, the trial court issued its judgment and order, finding that Downin was liable to Reeves for return of the $400 security deposit, court costs, and post-judgment interest, and it entered judgment in Reeves's favor in this amount. Additionally, however, the trial court determined that Reeves owed Downin $2,125 for damage to the apartment, plus post-judgment interest; the trial court entered judgment in favor of Downin and against Reeves in this amount. Reeves filed a motion to correct error, asserting that pursuant to the Indiana Supreme Court's recent decision of *Klotz v. Hoyt*, 900 N.E.2d 1 (Ind.2009), which was decided January 22, 2009 and thus shortly after the trial court's decision, Downin was not entitled to recover from Reeves for physical damage to the property. Following a hearing, the trial court denied the motion. Reeves now appeals.

## DISCUSSION AND DECISION

■ Judgments from small claims court are "subject to review as prescribed by

her agreement (with one exception) with

relevant Indiana rules and statutes." *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003); Ind. Small Claims Rule 11(A). We recognize that a deferential standard of review is particularly important in small claims actions where trials are informal and the sole objective is dispensing speedy justice between the parties according to the rules of substantive law. *Id.* (citations and quotes omitted). However, this doctrine relates to procedural and evidentiary issues, but does not apply to the substantive rules of law which are reviewed *de novo*. *Id.*

In this case, Reeves contends that the trial court erred by allowing Downin to recover against her when Downin failed to comply with Indiana's Security Deposits statute, Indiana Code chapter 32–31–3. To determine whether the trial court properly denied her motion to correct error on this issue, we must determine whether the trial court properly interpreted and applied the statute; questions of statutory interpretation are questions of law that are reviewed *de novo* on appeal. *Klotz*, 900 N.E.2d at 5; *Mayberry Café, Inc. v. Glenmark Const. Co, Inc.*, 879 N.E.2d 1162, 1170 (Ind.Ct.App.2008).

■ The primary purpose of Indiana's Security Deposits statute is to equalize a bargaining position that the legislature deemed unbalanced. *Lae*, 789 N.E.2d at 485. "In general, [the statute] retains the obligation of the landlord to return the security deposit, net of any damage claims, but imposes a timeline of events that can eliminate the landlord's right to offset for claimed damages, and can also expose the landlord to payment of the tenant's attorney's fees." *Id.* at 484. Several sections of Indiana Code chapter 32–31–3 are appli-

Reeves's Statement of the Facts.

cable to our analysis of whether the trial court properly rendered judgment in favor of Downin on her counterclaim against Reeves:

Sec. 12. Return of deposits; deductions; liability

(a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:

(1) the payment of accrued rent;

(2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and

(3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection. Unless otherwise agreed, a tenant is not entitled to apply a security deposit to rent.

(b) If a landlord fails to comply with subsection (a), a tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

(c) This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.

(d) The owner of the dwelling unit at the time of the termination of the rental agreement is bound by this section.

Sec. 13. Use of deposits. A security deposit may be used only for the following purposes:

(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear.

(2) To pay the landlord for:

(A) all rent in arrearage under the rental agreement; and

(B) rent due for premature termination of the rental agreement by the tenant.

. . . .

Sec. 14. Notice of damages; refund of remaining deposits. Not more than forty-five (45) days after the termination of occupancy, a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used under section 13 of this chapter. The list must set forth:

(1) the estimated cost of repair for each damaged item; and

(2) the amounts and lease on which the landlord intends to assess the tenant. The landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

Sec. 15. Remittance of full deposit. Failure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit.

Sec. 16. Liability for withheld deposits. A landlord who fails to comply with sections 14 and 15 of this chapter is liable to the tenant in an amount equal to the part of the deposit withheld by the landlord plus reasonable attorney's fees and court costs.

Ind.Code §§ 32–31–3–12 to –16.

■ In the present case, the trial court's judgment and order was in two

parts: The first entered judgment in favor of Reeves in the amount of $400 for the return of her security deposit (plus court costs and post-judgment interest) because Reeves proved that she gave written notice to Downin of her forwarding address, but Downin failed to return the security deposit or give Reeves an itemized list of repairs. The second part of the order entered judgment in favor of Downin on her counterclaim, finding that Downin established by a preponderance of the evidence the following three things: (1) Reeves damaged the rental property beyond normal wear and tear, namely smoke residue to the walls and a gouge in one wall; (2) Downin incurred a cost to repair the damage; and (3) the exact cost was $2,125. However, when determining whether Downin was entitled to judgment on her counterclaim, the trial court failed to consider Indiana Code chapter 32–31–3, which obligates the landlord to return the tenant's security deposit and is a prerequisite to the landlord recovering damages for physical damage to the property. Here, it is undisputed that Reeves timely provided Downin with her forwarding address; Downin did not return the security deposit to Reeves within forty-five days of receiving the notice, nor did she provide Reeves with an itemized list of damages to which the security deposit either was or would be applied. Accordingly, Downin was barred from seeking damages for repair costs due to physical damage to the rental property.

Following the issuance of the trial court's judgment and order, Reeves filed her motion to correct error, urging the trial court to retroactively apply the *Klotz* decision, which Reeves argued would bar Downin's counterclaim. In *Klotz*, a landlord brought an action to evict his tenants who vacated the premises but did not notify him or take all of their belongings. The trial court ordered eviction and set a hearing on the issue of damages. The landlord had not mailed any notice of damages or returned any portion of the security deposit to the tenants. The trial court entered judgment against the landlord and ordered the return of the tenants' security deposit. The issue before our Supreme Court in *Klotz* was whether a landlord could recover unpaid rent even though he had failed to give notice, and its resolution required the Court to examine and harmonize several sections of Indiana Code chapter 32–31–3, particularly the "no damages are due" language in 32–31–3–15 and Section 12(b) and (c), which on one hand declare a landlord's failure to give a timely itemized notice entitled the tenant to recovery of the entire security deposit plus reasonable attorney's fees, but also states that the failure "does not preclude the landlord or tenant from recovering *other damages* to which either is entitled." *Klotz*, 900 N.E.2d at 5 (emphasis added). Ultimately, the Court held, "[A] landlord's failure to provide the tenant a timely and adequate notice of damages under Sections 12 through 16 of Indiana Code chapter 32–31–3 precludes the landlord *only* from recovering damages for *physical harm* to the rented premises and does not bar the landlord from seeking unpaid rent and other damages." *Id.* (emphasis added).

Here, the parties disagree about whether *Klotz* should be applied retroactively and whether its retroactive application will determine the outcome of this case. We disagree. The question here is not whether there should be retroactive application of a new rule. *Klotz* did not announce a new rule; rather, it interpreted existing statutes and clarified conflicting Court of Appeals precedents. Thus, while relevant and helpful to an understanding of our landlord/tenant statutory scheme, *Klotz* is not outcome determinative.

Further, with regard to *Klotz* and its application to the present case, the land-

lord in *Klotz* was seeking to recover rent when he failed to give the required notice; here, Downin is not seeking to recover unpaid rent but money damages to pay for repairs to the walls. Downin attempts to characterize the damages as not being "physical damages," which would have required her to provide the itemized notice to Reeves, but as "other damages" that, under *Klotz,* she could still pursue despite failing to give notice. She argues, "Just as it would be with a toilet bowl left unclean, the property was not 'damaged' physically. It was unclean due to smoke residue." *Appellee's Br.* at 10. Downin's argument in this regard is specious. The damages to Reeves's rental unit walls consisted of smoke residue and a "gouge" to the wall in one location. *Appellant's App.* at 8. These types of damages, which required repair, clearly are physical in nature, exceed normal wear and tear, and illustrate precisely why landlords require payment of a security deposit before a tenant takes possession of a property. *See* Ind.Code § 32–31–3–13(1) (security deposit may be used to reimburse landlord for actual damages to rental unit that are not result of ordinary wear and tear).

The trial court erred when it entered judgment in Downin's favor on her counterclaim and when it subsequently denied Reeves's motion to correct error. We affirm the judgment for Reeves on her claim for return of her security deposit, reverse the judgment for Downin on her counterclaim for damages, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and BARNES, J., concur.