**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 08 2012, 10:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VERDELSKI L. MILLER**
Newburgh, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDWIN MAURICIO PARRILLAS d/b/a | ) | |
| HISPANO AMERICA AUTO SALES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  82A04-1104-SC-228 |
| | ) | |
| LOS AMIGOS AUTO SALES, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
The Honorable Jill R. Marcrum, Magistrate
Cause No.  82D06-1010-SC-10327

**February 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Edwin Mauricio Parrillas, d/b/a Hispano America Auto Sales ("Edwin" or "Hispano") appeals the small claims court's judgment in favor of Los Amigos Auto Sales ("Los Amigos").

We affirm.

ISSUE

Whether the small claims court erred in entering judgment in favor of Los Amigos.[1]

FACTS

The facts most favorable to the judgment show that on September 30, 2010, Anthony Presley went to Hispano to look at cars. While Presley was on the Hispano lot, he saw a Cadillac on the Los Amigos lot across the street. Presley crossed the street, test drove the Cadillac, and signed a contract to purchase the vehicle for $2,000. The contract stated that the sale was "As Is-No Warranty." (Plaintiff's Ex. 1). The words "as is," "no guarranty," and "No money back" were handwritten on the back of the contract.

Presley informed Los Amigos' owner, Pedro Alfaro ("Pedro"), that he wanted to pay for the vehicle with a credit card. Los Amigos did not have a credit card machine, so Pedro suggested that he and Presley go across the street to Hispano and ask Edwin, Pedro's brother-in-law, to swipe the card on Hispano's machine.

---

[1] We note that Los Amigos did not file an appellee's brief. Failure to file an appellee's brief may result in reversal of the trial court on the appellant's showing of *prima facie* error. *Barger v. Barger*, 887 N.E.2d 990, 992 n. 3 (Ind. Ct. App. 2008).

Presley and Pedro crossed the street, and Pedro, acting as the owner of Los Amigos, asked Edwin to swipe the card. Edwin agreed to do so, with the understanding that the $2,000 belonged to Los Amigos and Edwin "was going to give [Pedro] the money later." (Tr. 8).

Presley drove away in the Cadillac, but it broke down on his way home. Presley called Pedro and told him to come get the car and to refund his money. Pedro informed Presley that Presley could not return the car or get a refund, as the Cadillac was purchased "as is."

Either on the same day or the next day, Presley arrived at Los Amigos and argued with Pedro. Pedro offered to sell Presley another car, but Presley was not interested. Presley again asked Pedro to pick up the Cadillac and refund his money. Pedro reminded Presley that the contract did not allow Presley to obtain a refund.

Presley then crossed the street to look at a Dodge Durango on Edwin's lot. Edwin called Pedro and told him that he should be fair to Presley by allowing Presley to put the $2,000 down on the Durango. As the owner of Los Amigos, Pedro responded, "[L]et me get my car back and when I have my car back, [and I] make sure that everything is okay with my car, you can sell another car to him." (Tr. 18-19). Pedro went to retrieve the car and found that it had a broken windshield and body damage. Pedro called Edwin and told him not to allow Presley to use the $2000 as a down payment on the Durango. Edwin, however, had already done so.

Los Amigos did not receive any of the $2000 dollars from Edwin. Los Amigos filed a statement of claim in the small claims court asking for the return of the $2000 plus

3

various costs. After a hearing, the small claims court ruled in favor of Los Amigos. After a subsequent damages hearing, the small claims court awarded damages in the amount of $1,000.

DECISION

A small claims trial "shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Indiana Small Claims Rule 8(A). Judgments from a small claims court are "subject to review as prescribed by relevant Indiana rules and statutes." *Reeves v. Downin*, 915 N.E.2d 556, 558 (Ind. Ct. App. 2009). We recognize that a deferential standard of appellate review is particularly important in small claims actions where trials are informal and the sole objective is dispensing speedy justice between the parties according to the rules of substantive law. *Id*. However, "this doctrine relates to procedural and evidentiary issues, [and] does not apply to the substantive rules of law which are reviewed *de novo*." *Id.*

In reviewing the facts determined in a bench trial, we apply the clearly erroneous standard. *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 748 (Ind. Ct. App. 2010). This deferential standard of review is particularly important in small claims actions. *Id*. In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id*.

4

Edwin contends that there is no basis for recovery under the facts and circumstances. He argues that he had no written, implied or express contract with Los Amigos; that he committed no tort against Los Amigos; and that he should not be compelled to return any money under an equitable estoppel theory. In short, he argues that there are no substantive rules of law which support the judgment. In making his argument, he emphasizes only the circumstances surrounding Pedro's direction that Edwin not sell the Durango to Presley, and thus deprive Pedro of his $2,000, until Pedro could recover the Cadillac. Our review of the facts before the small claims court discloses that Edwin's emphasis is too narrow.

We initially note that a bailment is "an express or implied agreement between a bailor and bailee in which the bailee is entrusted to accomplish a specific purpose with the bailor's personal property; when the purpose is accomplished, the property is returned to the bailor." *Kottlowski v. Bridgestone/Firestone, Inc*., 670 N.E.2d 78, 82 (Ind. Ct. App. 1996). A bailment exists when personal property belonging to a bailor (Los Amigos) is delivered into the exclusive possession of the bailee (Edwin), and the property is accepted by the bailee. *Id*. Delivery constitutes "a full transfer, either actual or constructive, of the property to the bailee as to exclude the possession of the owner and all other persons and give to the bailee, for the time being, the sole custody and control of the property." *Id*. Acceptance requires either an express contract to take the article and later redeliver it or circumstances from which such a contract can be implied. *Id*. A bailee may be guilty of conversion where the object of the bailment is destroyed by his willful or positive acts. *Iemma v. Adventure RV Rentals*, *Inc.*, 632 N.E.2d 1178, 1181

5

(Ind. Ct. App. 1994). The issue of whether a bailee has met the applicable standard of care is a question of fact for the trier of fact. *Id*. at 1182-83.

Here, the transcript of the hearing discloses that Pedro, acting as the owner of Los Amigos, entrusted the temporary possession of the $2,000 from the sale of the Cadillac to Edwin. By allowing Los Amigos to use his credit card machine and by promising the return of the money to Los Amigos, Edwin agreed to temporarily possess the money until it could be transferred to Los Amigos. Pedro's subsequent direction, as Los Amigos' owner, that Edwin not convert the $2,000 until Los Amigos was able to recover the Cadillac was a limitation upon what Edwin could do with Los Amigo's money. Instead of waiting to see whether recovery of the Cadillac would yield to Los Amigos an automobile worth $2,000, and thus insure Los Amigos' recovery of its entrusted $2,000, Edwin sold the Durango and used Los Amigos' $2,000 to facilitate his own profit. After the unapproved appropriation of the $2,000, Los Amigos discovered the damage to the Cadillac and the corresponding loss determined by the small claims court at $1,000.

Under the facts and circumstances of this case, we cannot say that the trial court erred in determining that Edwin owed $1,000 to Los Amigos. The evidence clearly indicates that Edwin misused and misappropriated the property entrusted to him and that Los Amigos sustained damages of $1,000.

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.