## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 08 2019, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryce Runkle
Peru, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shannon Richard, | January 8, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-SC-719 |
| v. | Appeal from the Miami Superior Court |
| Vernon Robinson, | The Honorable J. David Grund, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 52D01-1706-SC-391 |

**Robb, Judge.**

# Case Summary and Issues

[1] Landlord Vernon Robinson filed suit against his tenant, Shannon Richard, seeking possession and past due rent. After a damages hearing, the trial court issued a judgment in Robinson's favor. Richard subsequently filed a motion to correct error seeking a new trial and the trial court set it for hearing but did not issue an order within thirty days of the hearing. Over thirty days after the hearing, the trial court rescheduled the hearing on the motion to allow the presentation of the evidence. Richard now raises five issues on appeal, which we consolidate and restate as: (1) whether Richard's motion to correct error was deemed denied as a matter of law; and (2) whether the evidence supports the trial court's judgment. Concluding the motion was deemed denied but that the evidence does not support the trial court's judgment, we reverse.

# Facts and Procedural History

[2] Richard and Robinson entered into an oral lease agreement for Richard to rent Robinson's South Lincoln Street property for $650 per month, subject to a $50 late fee. Richard provided a $650 security deposit. Richard had been Robinson's tenant for about three years when, on June 22, 2017, Robinson filed a verified claim against Richard seeking immediate possession and past due rent in the amount of $2,350, plus interest and court costs. *See* Appellant's

Appendix, Volume 2 at 40.[1]  Robinson subsequently filed an amended claim on July 17 for past due rent in the amount of $2,850 plus interest and court costs. *Id*. at 42.  On August 21, the parties appeared for a possession hearing at which Richard notified the trial court she had vacated the premises.

[3]  A damages hearing was held on October 30 and both parties appeared pro se. Robinson presented a summary of damages in the amount of $6,120.06, which reflected costs for cleaning and trash removal, painting and drywall, HVAC repairs, floor replacement, five months of past due rent and late fees, damage and repair cost to the property, and court fees.  Richard explained to the court that she and Robinson had "discussed the condition of the floors . . . they were already bad from the previous lady that lived there [who] had three dogs" and Robinson was supposed to replace the floor while Richard lived there. Transcript, Volume II at 14.  Robinson conceded the carpet in the home was from the previous owner.  Richard also detailed various problems she encountered with the property, including a leak in the master bathroom, high levels of carbon monoxide in the home, and that the air conditioning had ceased working.  Richard alleged Robinson had refused to remedy these issues.

[4]  After the hearing, the trial court issued judgment in favor of Robinson in the amount of $4,849.39 plus interest and court costs.  Appellant's App., Vol. 2 at

---

[1] We take this opportunity to direct Richard's counsel's attention to Indiana Appellate Rule 50 regarding the contents and assembly of appendices.  Rule 50(F) states that the parties "should not reproduce any portion of the Transcript in the Appendix."  Richard's appendix includes a copy of the complete transcript.

7. Following entry of the judgment, Richard obtained counsel who filed a Motion to Correct Error on November 29. In the motion, Richard, by counsel, argued: (1) she was entitled to a new trial due to surprise because she "never received notice that [Robinson] was seeking damages for repairs" to the property and there was "newly available evidence" relevant to that claim; (2) Robinson failed to provide an itemized list of damages within forty-five days after termination of occupancy as required by statute; and (3) the pleadings and evidence do not support a judgment of $4,849.39. *Id.*, Vol. 3 at 2-3. Attached to the motion was Richard's affidavit, which stated, in part:

> I was not aware prior to trial that [Robinson] would be seeking damages for repairs to the leased premises in addition to back rent. [Robinson's] pleadings only provided me with notice that [he] was seeking back rent . . . . I was surprised at trial when [Robinson] sought damages for repairs . . . .
>
> Prior to trial, I made a diligent effort to secure evidence concerning the back rent. Because I did not have notice that damages for repairs to the leased premises would be sought at trial, I did not have an opportunity to research the law including my legal rights concerning damages for repairs to the leased premises. I also did not have an opportunity to gather evidence to introduce concerning damages for repairs . . .

*Id.*, Vol. 3 at 10-11.

[5] The trial court set the motion to correct error for hearing on Monday, January 22, 2018. The Friday before the hearing, Richard's counsel received notice that eleven other cases had been scheduled for the same half hour period as

Richard's scheduled hearing. On the morning of January 22, Richard's counsel filed a motion for a continuance indicating his belief he was required to present evidence on the motion and requesting that the hearing be rescheduled if there was going to be insufficient time to hear testimony at the hearing. After hearing arguments on both the motion to correct error and the motion to continue, the trial court took the matter under advisement. On February 28, the trial court rescheduled the hearing for May 10. That same day, Richard filed a motion for application to extend time, in which she argued the motion was deemed denied on February 21 and requested that the trial court apply to the Indiana Supreme Court for an extension of time to rule on the motion. The trial court issued an order on March 7 explaining that at the January 22 hearing, the court "questioned the necessity of [Richard] presenting evidence as opposed to argument only" but gave Richard leave to submit a memorandum regarding the presentation of evidence, continuing the January 22 hearing "to allow sufficient time on the Court's calendar and further allow the Court to rule on the necessity or propriety of the presentation of evidence[.]" Appellant's App., Vol. 3 at 37-38. The trial court was of the opinion that the motion to correct error remained pending until it was heard but directed Richard to "take whatever steps deemed necessary to preserve or protect [her] right of appeal." Appellant's App., Vol. 3 at 39. Richard filed a notice of appeal on March 22, 2018.

# Discussion and Decision

# I. Standard of Review

Judgments from small claims court are subject to review as prescribed by relevant Indiana rules and statutes. *Reeves v. Downin*, 915 N.E.2d 556, 558 (Ind. Ct. App. 2009); Ind. Small Claims Rule 11(A). In reviewing claims tried by the bench without a jury, we will not set aside the judgment unless it is clearly erroneous, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting Ind. Trial Rule 52(A)). We will not reweigh the evidence or judge the credibility of the witnesses and only consider the evidence that supports the judgment and reasonable inferences therefrom. *Id*. Our standard of review is particularly deferential in small claims actions, where "the trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *Truck City of Gary, Inc. v. Schneider Nat'l Leasing*, 814 N.E.2d 273, 277 (Ind. Ct. App. 2004) (quoting S.C.R. 8(A)).

We note that Robinson did not file a brief on appeal. When an appellee does not submit a brief, this court does not undertake the burden of developing arguments for that party. *Spencer v. Spencer*, 990 N.E.2d 496, 497 (Ind. Ct. App. 2013). We apply a less stringent standard of review and may reverse if the appellant establishes prima facie error, namely "error at first sight, on first appearance, or on the face of it." *Id*. Although the rule relieves this court of the burden of controverting arguments in favor of reversal when that burden rests with the appellee, we are still "obligated to correctly apply the law to the facts

in the record in order to determine whether reversal is required." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014).

## II. Motion to Correct Error

[8] Richard presents several arguments regarding the trial court's handling of her motion to correct error. These arguments are largely moot, because if the motion was deemed denied on February 21, Richard has timely filed her notice of appeal, and if the motion was still pending before the trial court, Richard has abandoned the motion to correct error by initiating this appeal. In either case, the trial court has made no substantive ruling on the motion to correct error. Nonetheless, there is a final judgment and the trial court clerk has entered a notice of completion of clerk's record in the Chronological Case Summary ("CCS") so this court has jurisdiction whether or not the notice of appeal was premature. *See In re D.J.*, 68 N.E.3d 574, 578 (Ind. 2017).

[9] We do agree with Richard, however, that her motion to correct error was deemed denied as a matter of law on February 21 when the trial court failed to schedule another hearing or rule on the motion within thirty days of the January 22 hearing. Trial Rule 53.3(A) states that if a court fails to rule on a motion to correct error within thirty days after it was heard, the motion "shall be deemed denied." A party must file any appeal within thirty (30) days after a motion to correct error is deemed denied. *Id*. "This denial is automatic; it is self-activating upon the passage of the requisite number of days." *Bridges v.*

*Veolia Water Indianapolis, LLC*, 978 N.E.2d 447, 452 (Ind. Ct. App. 2012) (internal quotations omitted), *trans. denied*.

[10]   It was not entirely clear what the intention of the parties and the trial court was following the January 22 hearing, but the trial court asked for a memorandum of law regarding the requirement of an evidentiary hearing and indicated it would "issue an order one way or the other and whether or not another hearing is going to be conducted." Tr., Vol. II at 25. Richard's counsel stated that if the court determined that it was not going to permit an evidentiary hearing, "I believe a [sic] out of court ruling would be permissible[,]" and Robinson's counsel agreed that it "would make the most sense for the Court to issue a ruling and then if we need to have a hearing[,]" one could be set at that time. *Id.* A reasonable interpretation of this colloquy is that the trial court intended to issue a ruling either granting or denying the motion to correct error on the pleadings and argument heard on January 22 or issue an order setting a further hearing. *See* Brief of Appellant at 11-12 (acknowledging the transcript does not support the trial court's later conclusion that the hearing was continued as the parties agreed another hearing would not be necessary if the trial court was not going to permit evidence).

[11]   The plain language of Trial Rule 53.3(A) states that the time for ruling on the motion begins after the hearing is held and not at a later date, such as when supplemental authority is offered after the hearing is terminated. *Paulsen v. Malone*, 880 N.E.2d 312, 314-15 (Ind. Ct. App. 2008). Failure to rule on the motion within the requisite time extinguishes the trial court's authority to rule

on the motion. *Roscoe v. Roscoe*, 673 N.E.2d 820, 821 (Ind. Ct. App. 1996). The thirty-day time limit to rule on a motion to correct error is subject only to a few exceptions, including a party's failure to serve the judge personally, an agreement by the parties or their counsel on the record that the time limit for ruling shall not apply, or if the time limit has been extended pursuant to Trial Rule 53.3(D). T.R. 53.3(B). Trial Rule 53.3(D) provides:

> The Judge before whom a Motion to Correct Error is pending may extend the time limitation for ruling for a period of no more than thirty (30) days by filing an entry in the cause advising all parties of the extension. Such entry must be in writing, must be noted in the Chronological Case Summary before the expiration of the initial time period for ruling set forth under Section (A), and must be served on all parties. Additional extension of time may be granted only upon application to the Supreme Court as set forth in Trial Rule 53.1(D).

Here, the trial court did not make such an entry extending its time to rule on this motion.

[12] The CCS for January 22 states: "Parties appear in person and by counsel. Argument heard on Motion to Correct Errors. Counsel for plaintiff to submit case law and counsel for defendant given seven days to respond. The Court takes this matter under advisement." Appellant's App., Vol. 2 at 4. Although there was a discussion at the hearing as to whether there would be another hearing on the motion, it is clear from the record that the trial court did not explicitly continue the matter or indicate this in the CCS. In fact, if the trial court later decided not to permit further presentation of evidence, the parties

had agreed another hearing would be unnecessary. We therefore conclude the motion was deemed denied on February 21 when the court failed to rule on the motion or extend its time limitation pursuant to Trial Rule 53.3(D) and the trial court's orders after this date have no effect.

[13] Richard also argues the trial court erred by failing to grant her motion for a continuance to allow sufficient time to present evidence at the hearing on the motion to correct error when eleven other cases had been set for the same half hour time slot. "This Court has long and consistently held that a trial court is not required to hold an evidentiary hearing on a motion to correct error." *In re Estate of Wheat*, 858 N.E.2d 175, 185 (Ind. Ct. App. 2006). Affidavits that set forth sufficient grounds in support of a motion to correct error are acceptable and a trial court may rule on the merits of the motion without an evidentiary hearing. *Id*. Although Richard requested a continuance to present evidence, we cannot conclude the trial court erred by failing to do so when it was not required to hold an evidentiary hearing on the motion.[2] *See id*.

---

[2] Richard also claims the trial court abused its discretion by failing to grant her motion to correct error when she was entitled to a new trial "due to surprise which ordinary prudence could not have guarded against." Br. of Appellant at 20. However, Richard timely filed a notice of appeal within thirty days of the motion's deemed denial, which preempted any further ruling on her motion to correct error. Thus, we cannot conclude the trial court abused its discretion by failing to grant her motion.

We also note Richard alleged in her motion to correct error that she had "newly available evidence" that would warrant a new trial. *See* Appellant's App., Vol. 3 at 2. However, the "newly available evidence" appears to be old text messages between Richard and Robinson that existed and were known to Richard at the time of trial. That she did not introduce the messages into evidence at the trial does not make them "newly available."

# III.  Sufficiency of the Evidence

## A.  Damages

[14]   Richard challenges the sufficiency of the evidence supporting a conclusion that the amount Robinson sought for repairs were for damage in excess of ordinary wear and tear.  Instead, she claims that "the record contains evidence that the repairs were the result of pre-existing conditions, upgrades to the premises, and the routine costs of preparing a premises for a new tenant."  Br. of Appellant at 12.  Whether a case is civil or criminal, the standard of review regarding challenges to the sufficiency of the evidence is the same.  *B.E.I., Inc. v. Newcomer Lumber & Supply Co., Inc.,* 745 N.E.2d 233, 236 (Ind. Ct. App. 2001).  We do not reweigh the evidence or judge the credibility of the witnesses.  *Id.*  We will "affirm a verdict, when, considering the probative evidence and reasonable inferences, a reasonable [fact finder] could have arrived at the same determination."  *TRW Vehicle Safety Sys., Inc. v. Moore*, 936 N.E.2d 201, 208 (Ind. 2010).

[15]   A landlord may only use a tenant's security deposit for certain purposes, including reimbursement for "actual damages to the [property] that are not the result of ordinary wear and tear."  Ind. Code § 32-31-3-13(1).  Similarly, a tenant has an obligation to deliver the rental property to the landlord in a "clean and proper condition, excepting ordinary wear and tear expected in the normal course of habitation of a dwelling unit."  Ind. Code § 32-31-7-6.  We have explained that although these statutes exclude ordinary wear and tear from a tenant's potential liability, they do not "operate as a license for the tenant to

destroy the landlord's property." *Kishpaugh v. Odegard,* 17 N.E.3d 363, 377 (Ind. Ct. App. 2014). "'Ordinary' is defined as 'of a kind to be expected in the normal order of events' – that is, 'routine' or usual.'" *Id.*

[16]     Robinson introduced a summary of damages at the hearing, which provided:

| | |
|---|---|
| Cleaning and trash removal | $275 |
| Interior Painting/Drywall | $595 |
| HVAC repairs | $75.28 |
| Flooring replacement | $593.78 |
| Past due rent | $3500.00 |
| (5 mo. Plus late fees) | |
| Damage and Repair Cost | $960.00 |
| Court Fees | $121.00 |
| | |
| Total Cost's [sic] | $6,120.06 |

Exhibits at 4. Robinson testified that the trash removal, cleaning, and painting were done because when Richard vacated there was a "substantial amount of debris[.]" Tr., Vol. II at 12. The trial court asked Robinson about the condition of the interior paint and drywall of the home to which he responded, "It all needed to be repainted." *Id.* at 13. Richard testified that she and Robinson discussed the condition of the floors when she moved in, which were "already bad from the previous lady that lived there" who had three dogs. *Id.* at 14. When asked about the condition of the flooring upon Richard moving in and whether it was new carpet, Robinson conceded it was from the previous owner.

[17]     Attached to the summary of damages were two receipts. One receipt detailed work done by Spragg Construction from August 22-29, 2017, in the amount of $960.00:

> Remove carpeting from living room and hallway & take up old tack strip. (prep floors for laminate planks)
>
> Lay new vinyl floor planks.
>
> Clean master bedroom exhaust fan & lube
>
> Replace vanity mirror & light in main bathroom
>
> Reinstall doors, bi-folds, bi-pass & corner round & adjust.
>
> Disassemble kitchen sink faucet & clean & reassemble and test for drips.
>
> Removed drains from both master bedroom & main bathroom to snak [sic] out drain then re-assembled.

Exhibits at 5. Robinson testified that the kitchen faucet had to be disassembled "[b]ecause it was torqued down to where they had to replace the gaskets in it." Tr., Vol. II at 14. Aside from this statement and the receipt, there is no evidence that the remaining repairs were the result of damage caused by Richard in excess of ordinary wear and tear. The other receipt for $75.28, dated September 16, reflected HVAC repairs done by Michael Randle on August 21. Robinson stated he had to have the unit cleaned to allow it to operate at normal capacity. Richard testified that the air conditioning stopped working in June

and Robinson had still not fixed it when she moved out in August. Under Indiana law, a landlord is obligated to maintain heating, ventilation, and air conditioning systems in a "good and safe working condition" in the rental premises during a tenant's occupancy. Ind. Code § 32-31-8-5(4)(D). Here, it was Robinson's statutory duty to maintain the HVAC system in "good and safe working condition" and no evidence was offered to demonstrate that the repair was for damage in excess of ordinary wear and tear. *Id.*

[18] The trial court did not enter specific findings supporting the amount of the judgment, but it is clear the trial court awarded amounts in excess of past due rent. To the extent the trial court awarded damages to Robinson for the flooring replacement, $960.00 in damage and repair costs, interior painting and drywall, and HVAC repairs, there is insufficient evidence to support such an award as damages that are in excess of three years of ordinary wear and tear.

## B. Compliance with Ind. Code § 32-31-3-12

[19] Richard also argues the trial court erred in awarding damages to Robinson for repairs to the property as there was insufficient evidence to establish that Robinson provided an itemized list of damages as required under Indiana law. We first address the threshold issue of waiver. *Thalheimer v. Halum*, 973 N.E.2d 1145, 1150 (Ind. Ct. App. 2012). In her brief, Richard "anticipates [Robinson] will argue that error is not preserved because the issue was not raised at trial[,]" but asserts it was argued at the hearing on the motion to correct error. Br. of Appellant at 17.

[20] Robinson's alleged non-compliance with Indiana landlord tenant law should have been raised at the damage hearing when Robinson introduced evidence of damages. Richard appeared at the damage hearing pro se, but our courts have consistently held that a pro se litigant is held to the "same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.*, 4 N.E.3d 1158, 1164 (Ind. 2014).

[21] Arguments presented in a motion to correct error that were not made at trial do not preserve issues for appellate review. *Thalheimer*, 973 N.E.2d at 1150. In fact, we have explained that "[i]f the opposite were true, motions to correct error might contain a bevy of untimely objections, petty complaints regarding the logistical presentation of evidence, attempts to rework trial strategies that did not work well, and other untimely arguments that would distract from the purpose of a motion to correct error." *Id*. Thus, Richard has waived this argument by not making it to the trial court during trial.

[22] Waiver notwithstanding, Indiana Code section 32-31-3-12 provides:

> (a) Upon termination of a rental agreement, a landlord shall return to the tenant the security deposit minus any amount applied to:
>
> (1) the payment of accrued rent;
>
> (2) the amount of damages that the landlord has suffered or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and

> (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;
>
> all as itemized by the landlord with the amount due in a written notice that is delivered to the tenant not more than forty-five (45) days after termination of the rental agreement and delivery of possession. *The landlord is not liable under this chapter until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed by this subsection.*

(Emphasis added.)

[23]    Richard maintains she vacated the premises on August 18, 2017, and therefore, Robinson was required to provide an itemized list on or before October 2. She argues that failure to do so constitutes an agreement that no damages are due pursuant to Indiana Code section 32-31-3-15. However, a landlord's obligation to provide the itemized list is not triggered "until the tenant supplies the landlord in writing with a mailing address to which to deliver the notice and amount prescribed[.]" Ind. Code § 32-31-3-12(a); *see also Washmuth v. Wiles*, 12 N.E.3d 938, 942 (Ind. Ct. App. 2014) (a "landlord's obligation cannot begin to run until after the tenant has supplied a forwarding address [and t]he landlord's obligation to send the notice is tolled until it receives the forwarding address."). In other words, Richard had an affirmative obligation to provide Robinson with a forwarding address in writing before he was required by statute to provide her with the itemized list. *Washmuth*, 12 N.E.3d at 942.

Parties to a small claims action bear the same burdens of proof as in a regular civil action on the same issues. *LTL Truck Serv., LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 670 (Ind. Ct. App. 2004). Therefore, Richard had to show that she provided Robinson with written notice of a forwarding address before she could argue Robinson failed to comply with the statute. Although Richard provided her current address in open court at the damage hearing on October 30, there is no evidence that she provided Robinson with *written* notice of her new address to trigger his obligation to provide an itemized list of damages. *See* Tr., Vol. II at 16.[3] Therefore, even if the issue were not waived, Richard has failed to show she was entitled to the itemized list.

# Conclusion

Concluding the evidence does not support an award of damages for $960.00 in damage and repair costs, HVAC repairs, interior painting and drywall repair, and flooring replacement, we reverse the judgment of the trial court and

---

[3] In her brief, Richard notes she found an unpublished opinion that placed the burden on the landlord to prove compliance with the statute and "respectfully submits that Ind. App. R. 65D could be modified to permit unpublished opinions – while not binding precedent – to be cited as persuasive authority similar to the Federal Rules of Appellate Procedure." Br. of Appellant at 17 n.2. Indiana Appellate Rule 65(D) states "[u]nless later designated for publication in the official reporter, a memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish res judicata, collateral estoppel, or law of the case." Only the Indiana Supreme Court possesses the authority to "adopt, amend, and rescind rules of court that govern practice and procedure in all the courts of Indiana." Ind. Code § 34-8-1-3. Richard's call for an amendment to Rule 65(D) is outside this court's purview and we decline to address it accordingly.

remand with instructions to reconsider the damage award in light of this opinion.

[26] Reversed and remanded.

Baker, J., and May, J., concur.